UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINPU XU,<br><br>             Petitioner,<br><br>     v.<br><br>FERETI SEMAIA, et al.,<br><br>             Respondents. | Case No. ED CV 26-00843 FMO (AYP)<br><br>**ORDER RE: EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

       The court has reviewed and considered all the briefing filed with respect to Xinpu Xu's ("petitioner") Ex Parte Application for Temporary Restraining Order (Dkt. 3, "Application"). Respondents concede that petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, 2025 WL 3288403, *9 (C.D. Cal. 2025), and state that, "to the extent Petitioner would be entitled to any remedy via the TRO Application, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (Dkt. 8, Response to Petitioner's Ex Parte Application for Temporary Restraining Order ("Response") at 2). This is the only claim respondents address in their Response. (See, generally, id.). In other words, respondents otherwise fail to address or provide any response to petitioner's due process claim. (See, generally, id.); (see Dkt. 3, Application at 7-10). Accordingly, the court construes respondents' failure to address petitioner's due process claim as a concession. See, e.g.,

Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Based on the foregoing IT IS ORDERED THAT:

1. Petitioner's Ex Parte Application **(Document No. 3)** is **granted** as set forth in this Order.

2. Respondents shall release petitioner forthwith.

3. Respondents shall file with the court a Notice of Compliance within twenty-four (24) hours of releasing petitioner.

4. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District pending final resolution of this case, or unless executing a final order of removal issued against petitioner.

5. Given that the standard for granting a TRO and preliminary injunction are the same, see Stuhlbarg Int'l Sales Co., 240 F.3d at 839 n. 7, the court will construe petitioner's Application as an application for a preliminary injunction ("PI Application").

6. Respondents shall file their opposition to the PI Application by no later than **March 6, 2026**. Failure to file their opposition by the deadline set forth above shall be deemed as consent to the granting of the PI Application.

7. Petitioner shall file his Reply in support of his PI Application by no later than **March 9, 2026**.

8. The court shall decide, after reviewing the parties' papers, whether to hold a hearing on the PI Application or take the PI Application under submission.

Dated this 2nd day of March, 2026.

/s/
Fernando M. Olguin
United States District Judge