**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XINPU XU,<br><br>    Petitioner,<br><br>    v.<br><br>FERETI SEMAIA, <u>et</u> <u>al.</u>,<br><br>    Respondents. | Case No. ED CV 26-00843 FMO (AYP)<br><br>**ORDER RE: APPLICATION FOR PRELIMINARY INJUNCTION** |

On March 2, 2026, the court granted petitioner's request for a Temporary Restraining Order ("TRO") and ordered respondents to release petitioner forthwith. (Dkt. 10, Court's Order of March 2, 2026, at 2). Petitioner was released on March 3, 2026. (Dkt. 11, Respondents' Notice of Compliance at 2). Because the standards for granting a TRO and a preliminary injunction are the same, <u>see</u> <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), the court construed petitioner's TRO application as an application for a preliminary injunction ("PI Application") and set deadlines for briefing the PI Application. (Dkt. 10, Court's Order of March 2, 2026, at 2). Respondents filed an opposition to the PI Application on March 6, 2026, asserting that the case is moot due to petitioner's release.[1] (<u>See</u> Dkt. 12, Respondents'

---

[1] Respondents do not offer any other arguments why the court should not issue a preliminary injunction. (<u>See</u>, <u>generally</u>, Dkt. 12, Respondents' Opposition to PI Application).

Opposition to PI Application at 1-2).  In his Reply, petitioner contends that the case is not moot merely because he has been released.[2]  (See Dkt. 13, Reply at 1-2).  The court agrees, particularly in light of the risk of petitioner's re-detention.  (See id. at 3); see, e.g., Bui v. Noem, 2026 WL 353620, *2 (C.D. Cal. 2026) ("The nature of a TRO is only, as referenced in the name, temporary.  Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur."); Cruz v. Lyons, 2025 WL 3443146, *2 (C.D. Cal. 2025) ("Absent preliminary injunctive relief, Petitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to resolve.  A habeas petition is not moot where preliminary relief is not made permanent."); Esmail v. Noem, 2025 WL 3030589, *3 n. 5 (C.D. Cal. 2025) ("Given the TRO's expiration[,] . . . the necessity of further injunctive relief maintaining the status quo during the pendency of litigation means the claim is necessarily not moot.") (emphasis omitted).

Nor have respondents provided any assurances that petitioner will not be re-detained without due process protections.  (See, generally, Dkt. 12, Respondents' Opposition to PI Application); see, e.g., M.V.F. v. Santacruz, 2026 WL 127740, *3 (C.D. Cal. 2026) ("Petitioner here . . . has legitimate reason to believe that his future detention is likely.  And Respondents cite no change in detention practices that support a finding that a future detention would abide by the procedural requirements that Petitioner alleges were not met.  To that end, the likelihood of future harm to Petitioner, absent a preliminary injunction and a final disposition in his favor, is neither remote nor ephemeral.").  In other words, respondents have failed to demonstrate that "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189, 120 S. Ct. 693, 708 (2000) (internal quotation marks omitted).

---

[2] Respondents cite the court's order in Hernandez Trujillo v. Janecka, 2026 WL 84314, *1 (C.D. Cal. 2026), as authority that this case is moot. (See Dkt. 12, Respondents' Opposition to PI Application).  But in that case, petitioner was challenging his extended detention awaiting removal under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001), which became moot once the court ordered his release under 8 U.S.C. § 1231(a)(3).  But here, unlike Hernandez Trujillo, petitioner is not challenging his extended detention but rather the possibility of re-detention without certain procedural safeguards.

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's PI Application **(Document No. 3)** is **granted** as set forth below.

2. Respondents shall not re-detain petitioner without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge.  Petitioner shall not be detained unless respondents demonstrate at a pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community.  If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

3.  The parties shall meet and confer no later than **March 31, 2026**, to discuss what, if anything, remains to be done with respect to the Petition (Dkt. 1).

4.  Should the parties agree there is nothing further for the court to decide, they shall file a stipulation and proposed dismissal order no later than **April 2, 2026**.

5.  If the parties disagree as to whether anything remains to be decided with respect to the Petition, then the parties shall file a joint status report.  The status report shall, at a minimum, include the parties' positions on the following: (1) what issues remain for decision; (2) with respect to each issue, whether both parties intend to stand on briefing already filed, and if so, pointing the court to the specific docket entries and page numbers that provide the relevant briefing on each of the issues that remain; (3) if either party believes further briefing is necessary, proposing a schedule for such briefing and lodging a proposed briefing order; and (4) whether the parties agree to consent to the assigned Magistrate Judge for all purposes.[3]  The parties' joint status report shall be filed no later than **April 2, 2026**.

---

[3]  If the parties consent to the assigned Magistrate Judge, they may file a Consent to Magistrate Judge (form CV-11D) in lieu of a joint status report by the above deadline.

6.  If the parties do not file a stipulation or joint status report by the deadlines set forth above, the court will deem that as consent that no further relief is available and dismiss the case without prejudice.

Dated this 24th day of March, 2026.

_____
/s/
Fernando M. Olguin
United States District Judge